**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Martha Lynne Angradi and Donald Scott McLorie, individually and on behalf of their minor child, Jessie M., Respondents,

v.

Edgar Jack Lail and Leola Lail, Sylvester Golden, Golden Property, LLC, Nationwide Homes, and Fayssoux Real Estate, Defendants,

Of whom Sylvester Golden and Golden Property, LLC, are the Appellants.

Appellate Case No. 2011-196048

———————————

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-162
Heard February 5, 2013 – Filed April 17, 2013

———————————

**AFFIRMED**

———————————

Jerry Leo Finney and Stephanie Ruotolo Fajardo, of the Finney Law Firm, Inc., of Columbia, for Appellants.

Richard S. Stewart, of Greenville, for Respondents.

**PER CURIAM:**  Sylvester Golden and Golden Property, LLC (collectively, Golden Property) appeal the circuit court's (1) denial of their motions for a directed verdict on Martha Lynne Angradi and Donald Scott McLorie's (collectively, the purchasers) fraud claim; (2) denial of their motion for judgment notwithstanding the verdict (JNOV) on the purchasers' fraud claim; and (3) ruling precluding Mr. Golden from testifying that the house at issue passed an inspection before the purchasers bought the home.  We affirm.

1.  We affirm the circuit court's denial of Golden Property's motions for a directed verdict on the purchasers' fraud claim.  Initially, we note that Golden Property has presented numerous arguments in favor of their assertion that the circuit court erred in denying their directed verdict motions.  However, the only argument Golden Property raised at trial in support of their directed verdict motions was that the purchasers had no right to rely on Mr. Golden's representations because Mr. Golden was not the owner of the house.  Accordingly, the remainder of Golden Property's arguments on appeal are not preserved for our review.  *See Holly Woods Ass'n of Residence Owners v. Hiller*, 392 S.C. 172, 189, 708 S.E.2d 787, 796 (Ct. App. 2011) (holding "the appellant's failure to raise a particular issue in its directed verdict motion precludes appellate review of that issue"); *see also* Rule 50(a), SCRCP ("A motion for a directed verdict shall state the specific grounds therefor.").

As to Golden Property's argument that is preserved, namely that the purchasers had no right to rely upon Mr. Golden's representations because he was not the owner of the home, we find the circuit court did not err in denying Golden Property's directed verdict motions.  In the context of fraud, "[t]he right to rely must be determined in light of the plaintiffs['] duty to use reasonable prudence and diligence under the circumstances in identifying the truth with respect to the representations made to [them]." *Armstrong v. Collins*, 366 S.C. 204, 219, 621 S.E.2d 368, 375 (Ct. App. 2005).  In the instant case, we find that evidence supported a finding that the purchasers reasonably relied upon his representations regarding the condition of the house.  Specifically, it is undisputed that Mr. Golden assembled the house, and evidence supported a finding that he represented himself as the owner of the house.  Further, although he was not on the title to the house, Mr. Golden had a financial interest in selling the home based on his relationship with the owner, Edgar Lail.  Specifically, Mr. Golden testified that Lail purchased the house for less than its value and agreed to pay Mr. Golden "some remaining

funds whenever the house sold." Pursuant to this agreement, Lail paid him $11,900 upon the sale of the house. Mr. Golden's ongoing relationship with Lail was more akin to a partnership than that of merely a listing agent and seller. Accordingly, evidence supported a finding that the purchasers reasonably relied upon Mr. Golden's representations concerning the house. Based on the above evidence, the circuit court did not err in denying Golden Property's motions for a directed verdict on the purchasers' fraud claim.

2. We affirm the circuit court's denial of Golden Property's JNOV motion. The facts cited above supporting the denial of Golden Property's motions for a directed verdict on the purchasers' fraud claim also support the jury's verdict in favor of the purchasers on their fraud claim. Accordingly, the circuit court did not err in denying Golden Property's JNOV motion. *See Welch v. Epstein*, 342 S.C. 279, 300, 536 S.E.2d 408, 419 (Ct. App. 2000) ("A motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict. The jury's verdict will not be overturned if any evidence exists that sustains the factual findings implicit in its decision." (citation omitted)).

3. Golden Property's claim that the circuit court erred in precluding Mr. Golden from testifying that the house at issue passed an inspection by Greenville County authorities is not preserved for appellate review. Golden Property failed to proffer testimony regarding a satisfactory inspection of the house during trial and solely relied upon the circuit court's in limine ruling in presenting their case. Our supreme court and this court have emphasized that even when the circuit court grants a motion in limine, it is not a final ruling on the admissibility of the evidence. Accordingly, the party opposing the motion must subsequently proffer the evidence during trial in order to preserve the issue for appellate review. *See S.C. Dep't of Highways & Pub. Transp. v. Galbreath*, 315 S.C. 82, 83 n.2, 431 S.E.2d 625, 627 n.2 (Ct. App. 1993) (noting that our "[s]upreme [c]ourt has indicated that even where a motion in limine is granted, it is not the final ruling on the admissibility of the evidence," and that, accordingly, the party opposing a motion in limine that is granted must subsequently proffer the evidence during trial to preserve the issue for appellate review).

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**